## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

LISA R. MURPHY,
ADC #760343                                                              PLAINTIFF

V.                          1:15CV00050 BSM/JTR

FISK, Correctional Officer,
McPherson Unit, ADC, et al.                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent

to United States Chief District Judge Brian S. Miller.  You may file written objections

to all or part of this Recommendation.  If you do so, those objections must: (1)

specifically explain the factual and/or legal basis for your objection; and (2) be

received by the Clerk of this Court within fourteen (14) days of the entry of this

Recommendation. The failure to timely file objections may result in waiver of the

right to appeal questions of fact.

## I.  Introduction

Plaintiff, Lisa R. Murphy, is a prisoner in the McPherson Unit of the Arkansas

Department of Correction.  She has filed this *pro se* § 1983 action alleging that

Defendants violated her constitutional rights. Pursuant to the screening function

mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed,

without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II.  Discussion

Plaintiff alleges that, on March 7, 2015, she and Defendant Fisk got into a heated verbal argument during pill call.  *Doc. 2.*  Immediately thereafter, Plaintiff wrote a grievance against Defendant Fisk for yelling at her.  *Id.*  At the same time, Defendant Fisk wrote a disciplinary accusing Plaintiff of failing to obey an order, creating unnecessary noise, and being insolent.  *Id. at 12.* After a disciplinary hearing, Plaintiff was found guilty of all three charges. *Id.*

### A.    Retaliation Claim

Plaintiff alleges that Defendant Fisk violated her First Amendment right to access the courts when he issued her a false and retaliatory disciplinary.  *Id.*

It is well settled that "the filing of a prison grievance, like the filing of an inmate lawsuit, is protected First Amendment activity" sufficient to support a retaliation claim.  *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007); *see also Cornell v. Woods*, 69 F.3d 1383, 1388 (8th Cir. 1995).  However, a disciplinary

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

conviction cannot be deemed retaliatory if it was issued for an actual violation of prison rules. *Sanders v. Hobbs,* 773 F.3d 186, 190-91 (8th Cir. 2014); *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008). Stated differently, a retaliation claim fails, *as a matter of law*, if there was "some evidence" to support the disciplinary conviction. *Id.* The Eighth Circuit has clarified that "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as some evidence upon which to base a prison disciplinary violation, if the violation is found by an impartial decision maker." *Sanders,* 773 F.3d at 190; *Hartsfield,* 511 F.3d at 831. Importantly, this rule applies even if the report is written by the officer who is alleged to have engaged in the retaliatory conduct. *Id.*

In this case, an impartial disciplinary hearing officer reviewed the disciplinary charge written by Defendant Fisk and statements provided by one or more corroborating witnesses. *Doc. 2 at 14.* Additionally, Plaintiff *admits*, in the Complaint, that she was yelling at Defendant Fisk. Because there was "some" evidence to support Plaintiff's disciplinary convictions, she has failed to plead a viable retaliation claim. *See Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 2014) (explaining that a disciplinary conviction that is supported by some evidence "essentially checkmates" a retaliation claim). Accordingly, her retaliation claim should be dismissed, without prejudice.

**B.      Failure to Train Claim**

Plaintiff alleges that she was subjected to unconstitutional retaliation because Defendants Ming, Allen, Dykes, Budnick, Dixon, Culclager, Evans, and Kelley failed to properly train Defendant Fisk.  *Doc. 2.*  That claim fails, as a matter of law, because Plaintiff has failed to plead a viable retaliation claim.  *See Carpenter v. Gage*, 686 F.3d 644, 651 (8th Cir. 2012) (holding that  a plaintiff cannot proceed with a failure to train claim when there has been no underlying constitutional violation) *Sims v. Lay*, Case No. 05-2136, 2007 WL 328769 (8th Cir. Feb. 2, 2007) (unpublished decision) (holding that a supervisory liability claim fails, as a matter of law, when there has been no underlying constitutional violation).   Thus, Plaintiff's failure to train claim should be dismissed, without prejudice.

### III.  Conclusion

IT IS THEREFORE RECOMMEND THAT:

1.      This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.      Dismissal constitute a "STRIKE," as defined by 28 U.S.C. § 1915(a)(3).

3.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

Dated this 19th day of June, 2015.

_____
UNITED STATES MAGISTRATE JUDGE